

**U.S. Department of Justice**

*Erik C. Peterson*
*United States Attorney*
*Western District of Wisconsin*

Telephone 608/264-5158
TTY 608/264-5006
Main Facsimile 608/264-5172
Criminal Division Facsimile 608/264-5054
Civil Division Facsimile 608/264-5724
Administrative Facsimile 608/264-5183

Address:
Suite 303, City Station
660 West Washington Avenue
Madison, Wisconsin 53703

Mailing Address:
United States Attorney's Office
P.O. Box 1585
Madison, Wisconsin 53701-1585

DOCKET #

U.S. DISTRICT COURT
WEST. DIST. OF WISCONS

APR 22 2008

THERESA M. OWENS CLERK
CASE #

February 11, 2008

Douglas A. Kelley
Kelley & Wolter, P.A.
431 S. Seventh Street
Suite 2530
Minneapolis, MN 55415

Re:   *United States v. Walter J. Palmer*

08 - CR - 56 - C - 01

Dear Mr. Kelley:

This is the proposed plea agreement between the defendant and the United States in this case.

1.    The defendant agrees to waive indictment and plead guilty to the one-count information filed by the United States Attorney's Office. This count charges defendant with making material false statements regarding a matter within the jurisdiction of the executive branch of the government of the United States, in violation of 18 U.S.C. § 1001. This statute carries maximum penalties of five years in prison, a $250,000 fine, a three-year period of supervised release, and a $100 special assessment. In addition to these maximum penalties, any violation of a supervised release term could lead to an additional term of imprisonment pursuant to 18 U.S.C. § 3583. The defendant agrees to pay the special assessment at or before sentencing. The defendant understands that the Court will enter an order pursuant to 18 U.S.C. § 3013 requiring the immediate payment of the special assessment. In an appropriate case, the defendant could be held in contempt of court and receive an additional sentence for failing to pay the special assessment as ordered by the Court.

2.    The defendant acknowledges, by pleading guilty, that he is giving up the following rights: (a) to plead not guilty and to persist in that plea; (b) to a jury trial; (c) to be represented by counsel--and if necessary have the Court appoint counsel--at trial and at every other stage of the trial proceedings; (d) to confront and cross-examine adverse witnesses; (e) to be protected from compelled self-incrimination; (f) to testify and present

evidence; and (g) to compel the attendance of witnesses.

3.     The defendant understands that: (a) there may be evidence in this case that could be subjected to DNA testing; and (b) he could petition the District Court under 18 U.S.C. § 3600 for DNA testing of evidence after conviction in this case.   By his signature below, the defendant knowingly and voluntarily waives his right to post-conviction DNA testing of all evidence in this case.

4.     The defendant agrees that at sentencing the remains of the black bear referred to in the information shall be forfeited to the United States pursuant to Title 16, United States Code, Sections 3374(a)(1).

5.     The United States agrees that this guilty plea will completely resolve all possible federal criminal violations that have occurred in the Western District of Wisconsin provided that both of the following conditions are met: (a) the criminal conduct relates to the conduct described in the information; and (b) the criminal conduct was known to the United States as of the date of this plea agreement.  This agreement not to prosecute is limited to those types of cases for which the United States Attorney's Office for the Western District of Wisconsin has exclusive decision-making authority. The defendant also understands that the United States will make its full file available to the Probation Office for its use in preparing the presentence report.

6.     The defendant agrees to complete the enclosed financial statement and return it to this office within one week of the guilty plea hearing.  The defendant also agrees that the probation office may disclose to the United States the net worth and cash flow statements to be completed by the defendant in connection with the preparation of the presentence report, together with all supporting documents.

7.     In the event of an appeal by either party, the United States reserves the right to make arguments in support of or in opposition to the sentence imposed by the Court.

8.     The defendant understands that sentencing discussions are not part of the plea agreement.  The defendant should not rely upon the possibility of a particular sentence based upon any sentencing discussions between defense counsel and the United States.

9.     If your understanding of our agreement conforms with mine as set out above, would you and the defendant please sign this letter and return it to me.  By his signature below, the defendant acknowledges his understanding that the United States has made no promises or guarantees regarding the sentence which will be imposed.  The defendant also acknowledges his understanding that the Court is not required to accept any recommendations which may be made by the United States and that the Court can impose any sentence up to and including the maximum penalties set out above.

10.     All plea agreements must be approved by the United States Attorney or his designee.  This plea proposal has not yet been approved.  Consequently, I have not signed this proposed plea agreement and the final acceptance is conditioned upon supervisory approval.  If you have any questions or need any additional information, please feel free to contact me.

Very truly yours,

ERIK C. PETERSON
United States Attorney

By: _____

STEPHEN P. SINNOTT
First Assistant United States Attorney

_April 22, 2008_
Date

_Douglas A. Kelley_
DOUGLAS A. KELLEY
Attorney for the Defendant

_Mar 12, 2008_
Date

_____
WALTER J. PALMER
Defendant

_3-12-08_
Date