# United States District Court
## Western District Of Wisconsin

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE**<br>(for offenses committed on or after November 1, 1987) |
| V. | **Case Number:** 08-CR-56-C-01 |
| WALTER J. PALMER | **Defendant's Attorney:** Douglas A. Kelley |

The defendant, Walter J. Palmer, pleaded guilty to count 1 of the information.

**ACCORDINGLY**, the court has adjudicated defendant guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 1001 | False Statement to U.S. Fish and Wildlife Service; a Class D felony | October 25, 2006 | 1 |

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

| | |
|---|---|
| **Defendant's Date of Birth:** 1960 | July 15, 2008 |
| **Defendant's USM No.:** | Date of Imposition of Judgment |
| **Defendant's Residence Address:** Eden Prairie, MN | /s/ Barbara B. Crabb |
| **Defendant's Mailing Address:** Eden Prairie, MN | Barbara B. Crabb<br>District Judge |
| | July 15, 2008 |
| | Date Signed: |

# PROBATION

As to count 1 of the information, defendant shall be on probation for a term of one year.

While on probation, defendant shall not commit another federal, state, or local crime.

While on probation, defendant shall not illegally possess a controlled substance.

If defendant has been convicted of a felony, defendant shall not possess a firearm or destructive device while on probation.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of probation that defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with the Schedule of Payments set forth in the Financial Penalties sheet of this judgment.

In addition to the standard conditions of probation, the following special conditions of probation are appropriate in light of the nature and circumstances of the offense, as well as defendant's history and characteristics. Defendant is to:

(1) Register with local law enforcement agencies and the state attorney general as directed by the supervising U.S. probation officer;

(2) Provide the supervising U.S. probation officer any and all requested financial information;

(3) Submit his person, residence, office or vehicle to a search conducted by a U.S. probation officer at a reasonable time and in a reasonable manner whenever the probation officer has reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be a ground for revocation; defendant shall warn any other residents that the premises he is occupying may be subject to searches pursuant to this condition;

(4) Participate in mental health counseling or treatment, as approved and directed by the supervising U.S. probation officer;

(5) Refrain from the use of alcohol and participate in alcohol abuse treatment and testing as directed by the supervising U.S. probation officer; and

(6) If not employed at a regular lawful occupation, perform up to 20 hours of community service each week, as deemed appropriate by the supervising U.S. probation officer, until employed. Defendant may also participate in training, counseling, daily job search or other employment-related activities, as directed by the supervising U.S. probation officer.

Because the instant offense is not drug related and defendant does not have a history of drug abuse, the requirement for mandatory drug testing in 18 U.S.C. §§ 3563(a) and 3583(d) is waived.

Defendant shall be permitted to possess archery equipment for lawful sporting purposes.

| AO 245 B (Rev. 3/01)(N.H. Rev.) | DEFENDANT: | WALTER J. PALMER | Judgment - Page 3 |
| AO 245 B (Rev. 3/01)(N.H. Rev.) | CASE NUMBER: | 08-CR-56-C-01 | Judgment - Page 3 |

## STANDARD CONDITIONS OF SUPERVISION

1) Defendant shall not leave the judicial district without the permission of the court or probation officer;

2) Defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) Defendant shall support his or her dependents and meet other family responsibilities;

5) Defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) Defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances except as prescribed by a physician;

8) Defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) Defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) Defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11) Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) Defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) As directed by the probation officer, defendant shall notify third parties of risks that may be occasioned by defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm defendant's compliance with such notification requirement.

| | | | |
|---|---|---|---|
| AO 245 B (Rev. 3/01)(N.H. Rev.) | DEFENDANT: | **WALTER J. PALMER** | Judgment - Page 4 |
| AO 245 B (Rev. 3/01)(N.H. Rev.) | CASE NUMBER: | **08-CR-56-C-01** | Judgment - Page 4 |

# CRIMINAL MONETARY PENALTIES

Defendant shall pay the following total financial penalties in accordance with the schedule of payments set forth below.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| 1 | $100.00 | $2,938.00 | $0.00 |
| **Total** | $100.00 | $2,938.00 | $0.00 |

Defendant is to pay a $100 criminal assessment penalty to the Clerk of Court for the Western District of Wisconsin immediately following sentencing. I note for the record that defendant satisfied this court-ordered financial obligation on April 22, 2008.

In addition, pursuant to 18 U.S.C. § 3563(a)(2), it is adjudged that defendant is to pay a $2,938 fine. This figure represents the reasonable estimate of the market value of the illegally taken black bear plus the typical fine assessed in unauthorized bear harvests in the state of Wisconsin. The fine is due and payable immediately to the Clerk of Court for the Western District of Wisconsin.

Under 16 U.S.C. § 3374(a)(1), the remains of the black bear that is the subject of the criminal charge in the information shall be forfeited to the government.

| AO 245 B (Rev. 3/01)(N.H. Rev.) | DEFENDANT: | **WALTER J. PALMER** | Judgment - Page 5 |
| AO 245 B (Rev. 3/01)(N.H. Rev.) | CASE NUMBER: | **08-CR-56-C-01** | Judgment - Page 5 |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order:

        (1) assessment;
        (2) restitution;
        (3) fine principal;
        (4) cost of prosecution;
        (5) interest;
        (6) penalties.

The total fine and other monetary penalties shall be due in full immediately unless otherwise stated elsewhere.

Unless the court has expressly ordered otherwise in the special instructions above, if the judgment imposes a period of imprisonment, payment of monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of court, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

In the event of a civil settlement between victim and defendant, defendant must provide evidence of such payments or settlement to the Court, U.S. Probation office, and U.S. Attorney's office so that defendant's account can be credited.